OPINION

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **RAYMUNDO HERNANDEZ-NINO,** § | | |
| Petitioner § | | |
| § | | |
| v. § | | Civil Action No. 1:13-cv-00009 |
| § | | Criminal No. 1:11-cr-838 |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent § | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 17, 2013, the District Clerk's Office received a *pro se* "To Whom it May Concern" letter from Raymundo Hernandez-Nino. The letter contended that Hernandez-Nino is "not illegal in this country" and that he is "being illegally confined" in "a Federal Institution with false charges depriving [him] of liberty" in violation of "the Fifth Amendment (False Imprisonment)." *See* Docket Entry ("DE") 1 at 2. Aside from this statement, Hernandez-Nino's letter did not hint at his desired relief. Instead, it asserted that he was falsely indicted in "Criminal Case No. B-11-838." *Id.* Review of Hernandez-Nino's criminal case reveals that, on November 29, 2011, he pleaded guilty to being an "Alien Unlawfully Found in the United States After Deportation, Having Been Previously Convicted of an Aggravated Felony." *See United States of America v. Raymundo Hernandez-Nino,* No. 1:11-cr-00838, DE 17 at 1. On March 21, 2012, District Judge Hilda G. Tagle entered judgment in the case and sentenced Hernandez-Nino to 70 months imprisonment. *Id.* at 2.

On January 25, 2013, this Court issued an Order notifying Hernandez-Nino that his letter had failed to make his desired relief clear, and directing him to inform the Court, by March 1, 2013, if he wished the Court to construe his letter as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. DE 4.[1] The Order also stated that if Hernandez-Nino did not presently wish to proceed under § 2255, he would retain the right to file any valid, non-

---

[1] This Order also directed the Clerk's Office to send Hernandez-Nino the appropriate forms for the filing of a 28 U.S.C. § 2255 motion. DE 4 at 2.

barred § 2255 claims he might have, provided he filed a § 2255 petition "within one year of the date his conviction became final." *Id*. at 2 (citing 28 U.S.C. § 2255(f)(1) and *Castro v. U.S.*, 540 U.S. 375, 383 (2003)). Among other things, the Order also notified Hernandez-Nino that a failure to comply with the Court's instructions would likely result in a dismissal of his case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id*. (citing FED. R. CIV. P. 41(b)).

As of March 25, 2013, Hernandez-Nino has failed to respond to the Court's Order in any way. Accordingly, it is **RECOMMENDED** that Hernandez-Nino's instant case be **DISMISSED, without prejudice to the filing of any timely, non-barred future motion under 28 U.S.C. § 2255.**

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[2]

**Signed in Brownsville, Texas on this 26th day of March 2013.**

**Felix Recio**
**United States Magistrate Judge**

---

[2] *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).